# CHARLESTON.

Davis v. Telephone Co.

Submitted June 4, 1903. Decided November 21, 1903.

1.  Trial—*Verdict*—*Prejudice.*
    The allowance of a view by a jury is peculiarly within the discretion of the trial court, and its refusal will not be ground of reversal, unless it is clearly manifest that a view was necessary to a just verdict, and that its refusal operated to the injury of the party asking it. (p. 618).

Appeal from Circuit Court, Greenbrier County.

Action by J. W. Davis against American Telephone & Telegraph Company. Judgment for plaintiff and defendant appeals.

*Reversed.*

Williams & Dice, for plaintiff in error.

H. L. VanSickler, for defendant in error.

Brannon, Judge:

J. W. Davis brought an action before a justice of Greenbrier County against American Telephone and Telegraph Company of West Virginia for a trespass upon the land of Davis. The case went to the circuit court on appeal. The summons claimed $214.00 damages. In the justice's court the defendant acknowledged liability for $75.00 and offered to confess judgment for that sum, and repeated that offer in the circuit court, but the plaintiff refused to accept it. Upon a trial in the cir-

cuit court the jury found for the plaintiff $156.25; but the court set it aside and granted a new trial on motion of the defendant. On a second trial, the jury found $50.00 damages for the plaintiff and the court, having overruled a motion of the plaintiff to set aside this second verdict, gave judgment upon it and Davis appeals.

A question of the jurisdiction of this Court arises. It is claimed that the jurisdictional amount of $100.00 is not involved. It seems plain that we have jurisdiction on two grounds. Had not Davis the right to go for the whole amount claimed in his summons when he tried the case the second time? His claim was $214.00, the judgment $50.00, and he lost the difference between those sums. It is the amount claimed by a plaintiff which tests the jurisdiction as to him. He is aggrieved the difference between his claim and his recovery. *Faulconer* v. *Stinson,* 44 W. Va. 546. A second reason for jurisdiction is this: The defendant says that Davis by resisting the motion to set aside the first verdict, asked judgment for its amount, and thus barred himself from asking the amount demanded in his summons, and is thus limited to $156.25 as the maximum, and that the defendant offered $75.00 and there is in controversy only the difference between $75.00 and $156.25. I do not think that after the first verdict was set aside Davis was limited in his claim by it in the circuit court, nor do I think that is the jurisdictional test in this Court; but, for argument say so. Then the ample answer is that the judgment is not for $75.00, but only $50.00 and Davis loses the difference between $50.00 and $156.25. That proposed confession is now immaterial. The actual judgment is $50.00. So we have jurisdiction.

The court erred in setting aside the first verdict. The plaintiff was, and yet is, entitled to judgment upon it, unless adequate reasons can be assigned for the deprivation of it.

One point made against the verdict is, that in his statement of the nature of the case plaintiff's counsel read to the jury section 28, chapter 145, Code, providing that. if any person, without the owner's consent, enter enclosed land of another and do any damage or shall pull down, in whole or in part, or injure any fence of another, he shall be guilty of a misdemeanor and be punished as there provided, and shall moreover be

liable to the party injured for the damages sustained by such injury. I cannot conceive how error can possibly be predicated on this ground. Is it error to read the very statute defining the tort and giving civil action for it? It is said that it ought not to have been read because it is a criminal statute; but it is also a civil statute, defining the civil tort and giving action for it. It is only declaratory of the common law as to its civil feature. Indeed, if it did not give civil redress, I should say it would be no error to read it, because it would condemn certain acts as wrongful, from whence civil liability would ensue.

Another point made against the first verdict is, that the court refused to send the jury to view the place of trespass. In *Gunn v. Ohio R. Co.,* 36 W. Va. 165, we find it held that a motion for a view is peculiarly within the discretion of the trial court, and before a reversal for such cause can be justified it must be clearly manifest that such view was necessary to a just decision and its refusal did injury. I do not think that this is a case calling for a view; and certainly not so plainly essential to a just verdict as to warrant a reversal. A view is not often essential. It is inconvenient and productive of delay and costly. It is requisite only where other evidence is inadequate to fairly present the case to the jury.

Another point made against the verdict is, that the damages awarded by it are excessive. The defendant, without the consent of Davis, went upon his land and constructed its long-distance telephone line upon his land, and in so doing cut down valuable timber trees, oaks, walnut, maple, hickory, mulberry and other trees, injured numerous other trees by trimming them, piled a great quantity of brush upon his fence, materially injured the fence, and carried the brush cut on other land and deposited it upon the fence of Davis. Private property is sacred under the Constitution even against the State. The charter of the State to the corporation gave it no warrant to invade the land of Davis, and it would be going far for this Court to set aside as excessive a verdict for $156.25 for such an unwarranted trespass under the evidence. Conceding that we will not apply the rule of punitive or exemplary damages, and that only damages compensatory for the injury are to be given, we still think that the evidence forbids our interefrence with the verdict. Five witnesses went upon the land, counted and

maesured the trees carefully, and reckoned damage to timber, to fence for broken rails, cost of removal of the great mass of brush, and summed up the damage $200.15. Many rails of the fence were broken. It requires five hundred new rails to re- pair it, and the fence has to be re-set. They spent five hours in examining the premises and estimating damage. These wit- nesses say it would take a man forty seven days to remove the brush. Four witnesses for the defense place the damage at from $40.00 to $60.00; but their evidence is more general, and not based on such close examination of the premises as that of the five witnesses for the plaintiff. Under this evidence we cannot condemn the verdict as excessive. Therefore, we reverse the judgment on the second verdict and set that verdict aside, and reverse the order setting aside the first verdict, and upon that verdict we render judgment for the plaintiff.

*Reversed.*