# CHARLESTON.

STATE *ex rel.* G. E. PHILLIPS *v.* C. A. CONLEY, *Sheriff, et al.*

(No. 6660)

Submitted October 29, 1929. Decided October 29, 1929.
(Opinion handed down November 5, 1929)

*Dillon, Mahan & Holt,* for petitioner.
*England & Ritchie,* for respondents.

HATCHER, JUDGE:

Section 6 of Chapter 31, Code, requires the sheriff to have published ''in two newspapers representing the two political parties casting the greater vote in the county'' (if two such newspapers are so published) the list of real estate which has been returned delinquent for the non-payment of taxes. The two dominant parties in Fayette county are the Republican and the Democratic. This proceeding impugns the good faith of the sheriff of that county, who is a Republican, in designating The Oak Hill Times as the Democratic publisher of the list. The petitioner is the owner of the Fayette Democrat, and he prays that the sheriff be required to have the list published either in his paper or the State Sentinel, another Democratic paper. As the material allegations of the petition are denied by the answer, we must resort to the proof.

Evidence for the petitioner shows that the ownership of The Oak Hill Times is Republican; that its editor, C. A. Pickett, registered as a Republican in 1928, and in May of 1929 said that he was still a Republican; that The Oak Hill Times has no authority from the county Democratic Executive Committee or the leaders of the Democratic party to represent it; that the Fayette Democrat has been recognized for years by the Democratic organization as the official representative of that party in Fayette county; that the State Sentinel is another recognized Democratic representative; and that in the opinion of a number of Democratic leaders The Oak Hill Times does not represent the party or its principles, but feigns allegiance thereto in order to secure such public printing as the law requires to be given to a Democratic newspaper.

One witness for petitioner states that he formerly owned the Mount Hope Leader, an independent newspaper, and that the sheriff had offered him the legal publication required to be given a Democratic newspaper, if he would designate his paper as such, but that he had rejected the offer. The sheriff denies this charge *in toto*. The burden of proof in this matter rests on the petitioner. We cannot treat the unsupported evidence of his witness as preponderating over that of the sheriff, and the charge will not be considered.

The respondents present a verified list containing the names and addresses of about 2100 paying subscribers to The Oak Hill Times. It is true that there is evidence for petitioner tending to reduce that number, but the list itself was not impeached. It must, therefore, be accepted as the best evidence. Respondents estimate that about sixty-five per cent of that number are Democrats. Neither the Fayette Democrat nor the State Sentinel, according to the evidence, has as large a subscription within Fayette county as The Oak Hill Times or as great a percentage of Democratic subscribers. Before selecting The Oak Hill Times as a publisher of the list, the sheriff had the paper investigated and was advised that it had a general circulation reaching practically every post office in the county.

The primary purpose of the statute in having the list published is to give notice to the people. Benefit to the publisher is a mere incident to, and not a factor in that purpose. The object of requiring publication in two newspapers of different politics instead of in one newspaper, as formerly, is to secure a wider dissemination of the list. Under the evidence, publication in The Oak Hill Times would give notice to more Democrats and more persons generally in Fayette county than publication in either of the other Democratic papers. The public would thereby be the better served. The purpose of the statute would be fulfilled. Therefore the choice of the sheriff does not violate the spirit of the statute.

The Oak Hill Times is a new publication. Its first issue appeared in March, 1929, and its party alliance was announced on July 3rd. The respondents admit that it is owned by Republicans. The owners say, however, that for business reasons they determined to operate it as a Democratic newspaper, and show that ever since the issue of July 3rd the editorial column has borne the caption, "A Democratic Newspaper". They deny the charge that the paper became a Democratic publication merely to secure public printing. It is admitted that the editor, C. A. Pickett, was registered as a Republican for the year 1928, and voted as such. He says that prior thereto he had been a Democrat, and for several years had edited the Fayette Democrat; that he temporarily left the Democratic party in 1928 because he did not favor the election of Mr. Smith but preferred Mr. Hoover; that he registered as a Republican in order to vote for the latter in the primary; and that he is at the present time a *bona fide* Democrat. In several editorials The Oak Hill Times has favored the nomination of the Hon. A. B. Abbott, a distinguished exponent of Democracy, as a candidate for governor. Its issue of September 18, 1929, contained a strong editorial advocating the advancement of Jeffersonian principles, harmony within the Democratic party, and presentation of a solid Democratic front to the Republicans. Against the opinion of certain Democratic leaders that Mr. Pickett is not a Democrat, we have his sworn statement that he is, and a plausible explanation of his temporary departure from that

party. Against the opinion of the Democratic leaders that The Oak Hill Times is not in fact a Democratic paper, we have the sworn statements of the owners of their intention to run it as such; the sworn statement of its editor that he intends to advocate through its editorials the principles of that party; and the actual demonstration of those intentions in the editorial column.

Publishing a newspaper is generally a matter of business and not of sentiment. It is, therefore, not unusual for a newspaper to have a political affiliation different from that of its owner. Such difference has been held to be immaterial. 46 C. J., p. 24, sec. 17. No law in this state requires the approval of a party organization before a newspaper can become a representative of that party, or binds the sheriff by such approval. Under the statute and for its purpose, the sheriff, not the organization, determines whether a newspaper represents a party. Profession of party allegiance and adherence to the party policies and candidates will ordinarily demonstrate party loyalty. No matter what current measures may have been emphasized heretofore by the Democratic party, it is a matter of history that the constant plank in Democratic platforms since the days of Jefferson has been affirmation of allegiance to his teachings. Consequently, if there are any doctrines which should immediately stamp their proponent as Democratic, they are the tenets of Jefferson. The Oak Hill Times has specifically advocated Jeffersonian principles and inconsistency with its declaration is not shown. A newspaper, as well as a man, may be judged by its faith and its works. The profession of Democratic faith and the editorials following that declaration, as well as the Democratic majority of subscribers, afford substantial evidence of the Democracy of The Oak Hill Times. We see no violation of the letter of the statute in the sheriff's selection.

No abuse of the discretion which the state gives the sheriff is shown. Therefore mandamus does not lie and the petition will be dismissed.

*Petition dismissed.*