NATIONAL CITIZENS BANK *v.* BANK OF CHARLES TOWN

(No. 7876)

Submitted April 11, 1934. Decided May 1, 1934.

840

*John T. Porterfield*, for appellant.
*James M. Mason, Jr.*, for appellee.

KENNA, JUDGE:

A judgment lien creditors' suit was brought in the circuit court of Jefferson County by National Citizens Bank of Charles Town against C. F. Wall. Upon an order of reference a report of F. J. Beckwith, commissioner in chancery, was filed the 30th day of December, 1932. Taxes were reported to be the first lien upon the property of the defendant, a judgment of the Bank of Charles Town, rendered January 19, 1932, was reported as the second lien and a judgment of the National Citizens Bank of Charles Town, rendered February 5, 1932, was reported as the third lien. On February 10, 1933, a decree was entered reciting that there were no exceptions to the commissioner's report, and decreeing the liens to be as reported therein. However, this decree, after adjudicating taxes to be the first lien, put the judgments of the two banks in the same class, and makes both second liens. On June 26, 1933, a decree of sale was entered that ordered the debts to be paid by C. F. Wall, the defendant, within thirty days from the entry of that decree, and fixed the priorities of taxes first, judgment of the Bank of Charles Town second and the judgment of National Citizens Bank of Charles Town third.

The decree appealed from was entered on the 23rd day of November, 1933, and recites the report of the special commissioner to make sale and confirms the sale. After having ordered the necessary disbursements to pay the costs of the proceeding and the taxes, the decree orders that the remaining money in the hands of the commissioner be paid to the Bank of Charles Town and the National Citizens Bank of Charles Town pro rata in accordance with their adjudicated debts.

The National Citizens Bank complains of this decree because it says the record shows that its judgment and the judgment of the Bank of Charles Town were rendered at the same

term of the circuit court of Jefferson County; that its judgment was rendered on the 1st day of the term pursuant to a notice of motion duly matured and ready for judgment, while that of the Bank of Charles Town was not rendered until a subsequent day of the term, there having been proceedings in the case, which likewise was upon notice of motion, resulting in an amendment to the notice, certain general and special pleas thereto, a trial upon the merits and a judgment in an amount approximating sixty per cent of the amount sued for. The contention of the National Citizens Bank of Charles Town is that its judgment relates to the first day of the term and that inasmuch as the notice of motion of the Bank of Charles Town was not ready for judgment on the first day of the term, that it has no relation back to that day, but stands as of the date of rendition, making it subsequent to that of the appellant. The National Citizens Bank says, in effect, that even though the final decree of the lower court is not erroneous, that in that case, it was misled by the decree of sale into becoming the purchaser of one of the properties in question, and that, therefore, the priorities having been erroneously fixed and having so resulted, it is entitled to reversal and a chance to alter its position as purchaser. The record does not disclose whether or not the National Citizens Bank of Charles Town became a purchaser at the sale. This part of the decree of sale is omitted. We cannot adjudicate this question on the statement contained in the brief of counsel, however much of a verity that statement may be in reality.

The decree confirming the commissioner's report and fixing the priority of liens was a final decree inasmuch as it adjudicated the principles of the cause. It could be re-opened in the trial court under proper circumstances at the term at which it was rendered or upon bill of review. After the termination of the term at which that decree was rendered, the trial court had lost its power to alter or amend it by simply entering a decree in conflict with its terms. It could be reviewed on appeal or re-opened on bill of review. *Barbour, Stedman and Herod* v. *Tompkins*, 58 W. Va. 572, 52 S. E. 707. Neither of these courses was pursued and since the time for appeal or for the filing of a bill of review has elapsed since the date of

that decree, it is now a finality beyond the power of this court to alter. It was entered on the 10th day of February, 1933.

The decree of June 26, 1933, which changed the priorities fixed by the decree of February 10, 1933, having been entered at a subsequent term, had no effect upon the latter decree. It stands in this record as nothing more than a decree of sale carrying out the decided principles of the former decree and having no effect upon it in so far as the adjudication of liens and priorities is concerned. The decree appealed from, that of November 23, 1933, orders disbursement on the basis of the priorities fixed in the final decree of February 10, 1933. It would be useless for us to review the question of priorities on the basis of disbursements ordered in the decree of November 23, 1933, because if that decree were set aside on review, it would mean simply that the question of priorities would remain settled by the decree of February 10, 1933, which we cannot review. Inasmuch as this is true, the decree appealed from, which simply carries out the adjudication of a former final decree, which was not appealed from, must be affirmed.

*Affirmed.*