POINT PLEASANT REGISTER PUBLISHING COMPANY *v.* COUNTY COURT OF MASON COUNTY *et al.*

(No. 7958)

Submitted November 21, 1934.   Decided December 18, 1934.

S. P. Bell, F. G. Musgrave, B. H. Blagg and Somerville & Somerville, for plaintiffs in error.

Robert L. Hogg and J. G. F. Johnson, for defendant in error.

KENNA, JUDGE:

This proceeding in mandamus was brought by the Point Pleasant Register Publishing Company against the county court of Mason County and its individual members. The purpose of the proceeding is to require the county court of Mason County to cause the financial statement of that county for the year 1932 to be published in the Point Pleasant Register, a newspaper published by the relator. The county court had awarded the contract for the publishing of the financial statement for the year in question to The State Gazette, a paper published at Point Pleasant and admittedly qualified to run the publication in so far as the award of the contract could be made to a Republican paper. The other newspaper selected was the The Citizen, published at Point Pleasant. This paper was selected for the publication of the statement as a Democratic newspaper.

In substance, the petition sets up that The Citizen could not be awarded the contract for the publication of the financial statement because it had not been operating as a newspaper for one year prior to the date of the award, and that the newspaper published by relator is the only newspaper in the county that is a qualified Democratic newspaper, and consequently that it is entitled to be awarded the contract for the publication of the finan-

cial statement.

It is virtually admitted that The Citizen could not properly be awarded the contract, but it is contended that the newspaper published by relator is not a Democratic newspaper, but that it is an independent paper with Republican leanings due to its being owned and controlled by a man of statewide reputation as a Republican leader and publisher. On the issue of fact thus made up, there was a trial by jury under the provisions of section 8, article 1, chapter 53, Code of 1931. This trial resulted in a special finding by the jury that the Point Pleasant Register was not a Democratic paper. Upon motion of the relator, this verdict was set aside and thereafter, Code, 53-1-8, relating to proceedings in mandamus having been re-enacted by chapter 26 of the Acts of the Legislature of 1933, with the provision for jury trial omitted, the case was submitted to the trial court under a stipulation that all of the pleadings, proceedings and proof in the former trial were to be considered. Upon this submission, the court found that the Point Pleasant Register was a Democratic newspaper, and awarded the peremptory writ of mandamus as prayed.

The respondents assert that the action of the trial court in setting aside the verdict of the jury on January 5, 1933, was erroneous. The relator insists, without citing authority, that the subsequent submission of the issues to the court without prosecuting a writ of error to the judgment setting aside the verdict of the jury, constitutes a waiver by the respondents of any errors in the first submission so that those questions cannot now be gone into. We do not think that the position taken by the relator can be sustained for the reasons assigned. The re-submission of an action upon issues of fact to a second jury and a verdict and judgment following such submission does not prevent, in a proper state of the record, the consideration of error assigned upon a submission and verdict prior to the last. *Gwynn* v. *Schwartz,* 32 W. Va. 487, 9 S. E. 880; *Davis* v. *Telephone Co.,* 53 W. Va. 616, 45 S. E. 926; *De-Board* v. *Railway Co.,* 62 W. Va. 41, 57 S. E. 279. However, as a condition to the consideration of the action of

the trial court upon the first verdict, a writ of error upon which such consideration is sought, must be perfected within the time prescribed by statute. *National Citizens Bank* v. *Bank of Charles Town*, 114 W. Va. 839, 174 S. E. 420; *Dwight* v. *Hazlett*, 107 W. Va. 192, 147 S. E. 877, 66 A. L. R. 102; *Lloyd* v. *Kyle*, 26 W. Va. 534. The cases cited were in chancery and dealt with the question of appealable decrees. However, we are of the opinion that the same principle would control here. Inasmuch as the action of the trial court in setting aside the verdict rendered at the first hearing of this proceeding occurred considerably more than eight months prior to the date of granting the writ of error herein, we are of the opinion that the action of the circuit court of Mason County in that respect cannot now be reviewed.

The proof shows that the Point Pleasant Register was founded in the year 1862, and that from that time until its purchase by the Point Pleasant Register Company in July, 1930, it was conspicuous as a Democratic weekly newspaper of undoubted political policy. Shortly following that purchase, there was, however, a complete reorganization. Daily publication was resumed, and the daily, while bearing the same name as the weekly, relator insists is separate and distinct in form and policy from the weekly paper. It appears that the editor of the paper is a Democrat, while the business manager, who exercises veto power over its editorial policy is a Republican. These gentlemen appear to preside over both the weekly and daily papers. It is shown that the weekly paper has continued to adhere to its traditional policy of listing the entire Democratic ticket at the head of its editorial column during campaigns. A number of editorials are introduced in evidence highly lauding the personal character and public career of Democrats running for prominent public office. Other editorials introduced in evidence are severely critical of certain prominent Republicans. Still other editorials are critical of the record of Republican state administrations, while lauding the program of the Democratic candidate for governor. No

editorial appears the effect of which is to oppose either Democratic principles or Democratic candidates. Certain news items and dispatches are shown which could be regarded as detrimental to the Democratic party, but we do not regard these, in the absence of a showing of distortion or other deliberate attempt to use them to injure the Democratic party, as of particular probative value. The respondents rely upon a statement made by the editor of the Point Pleasant Register to the members of the Mason County Court when he was asked to come before that body and explain the reason for publishing certain communications individually signed, and criticizing severely certain actions of the county court. The members testified that the editor on that occasion stated that he published the communications because the Point Pleasant Register was independent in politics and could not afford to take sides. The members of the court state that the publication having been made in the weekly Register, they understood the declaration to apply to the weekly paper. The editor testified that he was speaking of the daily paper. The respondents further tendered the testimony of certain prominent Democrats residing in Mason County, who offered to testify that in their opinion the Point Pleasant Register was either independent or Republican. This proof was excluded.

The two questions before us for determination are (1) can the weekly edition and the daily edition of the Point Pleasant Register be regarded as separate newspapers within the meaning of the statute, and (2) if they can be so regarded, is the Point Pleasant Register, as issued weekly, a Democratic paper?

For almost seventy years before this controversy arose, the Point Pleasant Register has been continuously a Democratic weekly paper. Its status as a weekly paper only had been interrupted by a short excursion into the daily field. Its publication at least on a weekly basis had been continuous. Its reputation was primarily that of a weekly newspaper. Even after the sale to the new owner, there appears to have been no interruption of either the continuity or the policy of the weekly paper. Its

subscription is shown to be very largely Democratic. Its editor is a Democrat, and its editorial opinion, so far as has been shown in this record, is entirely Democratic. It asserts itself to be Democratic and supports Democratic candidates and principles. Under the same name, a daily newspaper is published which, in this proceeding, makes no pretense at being anything other than independent. The daily is under exactly the same editorial and managerial staff as is the weekly. It is published from the same office and printed on the same press. It has a different circulation list from the weekly paper. Under all of these circumstances, the trial court having reached a conclusion as to the facts, we cannot say that it was clearly wrong in deciding that these newspapers were separate and distinct within the meaning of the statute.

Was the Point Pleasant Register, as published weekly, a Democratic paper? As to what constitutes a political paper having a definite party affiliation as a matter of law, seems never to have been definitely decided. There are several elements to be taken into consideration, among which are circulation, editorial comments, consistency and persistency of editorial attitude, etc. Ownership and control may be taken into consideration, but are not conclusive. A Republican may operate a Democratic paper and vice versa. *State* v. *Conley,* 108 W. Va. 107, 150 S. E. 376. Party affiliation of those actually engaged in the publication of the paper may have some bearing upon the question. Evidence of most of these matters, and indeed, we believe of all of them, was before the trial court. Of course, the different degrees of intensity with which individuals espouse their partisanship is well recognized. The differences shade to a point where a change in politics in certain individuals might be well nigh imperceptible as far as any practical effect upon their conduct is concerned. The same thing may be true of newspapers. The determination is one to be made under all the facts and circumstances shown, giving due regard to all relevant matters before the court and to the inferences that may reasonably be drawn from them. This is primarily the province of the fact finding court or tribunal and once

its function in this regard has been exercised it is to remain undisturbed unless this court believes it to be clearly wrong. In viewing the contentions of the relator that its weekly publication is a Democratic paper, as against the contention of the respondents that it is an independent newspaper, we cannot fail to believe that the evidence clearly preponderates in favor of the relator.

The respondents urge that the county court of Mason County having determined that the Point Pleasant Register is not a Democratic newspaper that finding is not to be disturbed unless it is found to be a clear abuse of discretion. We do not believe that it is necessary to go fully into the question of law that would arise if we consider the state of this record sufficient to justify the application of the legal principle that the respondents contend for. We do not believe, however, that the county court of Mason County in awarding the contract as it did to the State Gazette as a Republican newspaper and to The Citizen as a Democratic newspaper, made any direct finding with reference to the Point Pleasant Register. Its findings were to the effect that The Gazette was a qualified Republican newspaper and The Citizen was a qualified Democratic newspaper. Its finding with respect to The Citizen was incorrect. However much the Point Pleasant Register may have been considered and discussed in the deliberations of the county court in reaching its conclusion, we do not believe that it made any direct adjudication or finding respecting its status, and, consequently, we are of opinion that this particular point urged by respondents does not apply to the state of this record.

For the foregoing reasons, the judgment of the circuit court of Mason County awarding the peremptory writ of mandamus herein will be affirmed.

*Affirmed.*