NEW HAVEN PUBLISHING COMPANY *v.* COUNTY COURT OF MASON COUNTY

(No. 9340)

Submitted May 13, 1942. Decided June 16, 1942.

KENNA, JUDGE, dissenting.

*F. N. Alderson,* for petitioner.
*Ambler, McCluer & Ambler,* for respondents.

Fox, PRESIDENT:

Various provisions of our statute law provide for the publication of official notices, lists, and statements required in connection with local government, and provide that the same be made in newspapers of opposite politics. In some instances, these publications are required to be made by the county court, and, in others, by the sheriff, the county clerk, the circuit clerk, boards of education and municipal authorities. In this proceeding, the dispute relates to the publication of the county financial statement for Mason County required to be published by the county

court (Code, 7-5-16,) and a delinquent list required to be published by the sheriff of said county (Code, 11[a]-2-13, as enacted by Chapter 117 of the Acts of the Legislature of 1941), and other legal publications required to be made by said official. Two newspapers, claiming to be Democratic in politics, each contend that they qualify as representing one of the two dominant political parties in said county. The county court and the sheriff of the county, as to the publications controlled by them, respectively, have selected one of said newspapers, The Citizens-Register, published at Point Pleasant, as the paper in which such publications are to be made, and as representing the Democratic party, and have denied the claim of the relator, The New Haven News, published by the New Haven Publishing Company, at New Haven, that such publications should be made by it. The New Haven Publishing Company thereupon instituted this proceeding. The case is heard on the assumption that both newspapers circulate generally throughout the county.

The New Haven News is a Democratic newspaper, was established early in 1940, and, admittedly, qualifies as opposite in politics to the Republican newspapers published in Mason County. If there is no other Democratic newspaper published in the county, then under *Wolfe* v. *County Court*, 119 W. Va. 362, 193 S. E. 556, 557, the relator has a clear legal right to the relief prayed for. On the other hand, if both The New Haven News and The Citizens-Register are Democratic newspapers, then, under the holding of the *Wolfe* case, this Court "has no power to decide between them in a dispute of this character." This is true, even though the Democratic organization of the county, as represented by its executive committee, has expressed a preference in favor of one over the other. *State ex rel. Phillips* v. *Conley*, 108 W. Va. 107, 150 S. E. 376, 377. It was there held that "No law in this State requires the approval of a party organization before a newspaper can become a representative of that party, or binds the sheriff by such approval."

The Citizens-Register was established some years ago

by the consolidation of the Point Pleasant Register and The Citizen, both published at Point Pleasant. The status of the Point Pleasant Register, as a Democratic newspaper, was before this court in *Point Pleasant Register Publishing Company* v. *County Court*, 115 W. Va. 708, 177 S. E. 873. That was a contest between the Register and The Citizen, both claiming to be Democratic newspapers, and the right of the Register, as a Democratic newspaper, to publish official publications was upheld. The decision in that case is pleaded in the answer of the respondent, and is a matter of public record as well. From this decision, we learn that The Point Pleasant Register was founded in the year 1862, and that since that date, and up to the time of said decision, was known and recognized as a Democratic newspaper. Subsequent to this decision, the consolidation of The Point Pleasant Register and The Citizen was accomplished, and since such consolidation, The Citizens-Register has claimed to be a Democratic newspaper. No question of its standing as such was raised, through any judicial action, until the institution of this proceeding, and the present complaint against it largely, if not entirely, grows out of the alleged attitude of the paper during the campaign of 1940. In the testimony taken herein, three candidates on the Democratic ticket in that election testified as to what they considered lack of proper support accorded them by said newspaper in said campaign, and this evidence is also supported by that of the editor and publisher of The New Haven News, and by the chairman of the Democratic executive committee of the county.

The Citizens-Register is owned and published by the company which publishes the Point Pleasant Daily Register, and both are printed in the same plant. The Point Pleasant Daily Register, formerly an independent paper, has lately announced that it will hereafter be published as a Republican newspaper. The editor of the Daily Register is a Republican, and he is also the editor of The Citizens-Register, although in the public press announcement outlining the future public policy of the Daily Register, it is stated that The Citizens-Register will continue to

be published as a Democratic newspaper. Just how sincere and effective will be the support of the Democratic policies by The Citizens-Register, when its editorial policies are dictated and controlled by the editor of a daily Republican newspaper, published in the same city, is yet to be determined; but be that as it may, this Court cannot undertake to enforce any degree of party loyalty, and expressly disclaims any intent or power to do so.

This being the situation, the relator contends that The Citizens-Register cannot be classed as a Democratic newspaper, and that The New Haven News, being the only Democratic newspaper published in Mason County, is, therefore, entitled to be selected for the publication of notices and other legal publications required to be published in newspapers of opposite politics. The Citizens-Register, by its answer, contends that it is, and will continue to be, a Democratic newspaper; and that there being two such papers published in the county, the county court and the sheriff are vested with authority and discretion to publish notices for which they are responsible, in either of said papers, and having selected The Citizens-Register therefor, their action cannot be overruled in this proceeding.

This Court should not fall into the error of attempting to determine the relative value of newspapers as party organs. It is a matter of common knowledge that newspapers are frequently criticised, by members of their respective parties, for failure to vigorously promulgate and defend the tenets of the party which they assume to represent. We would be treading on dangerous ground if we undertook, in any case, to decide which of two or more newspapers was more vigorous in this respect. If the assurances of The Citizens-Register that it is now, and expects to continue to be, published as a Democratic newspaper be accepted as made in good faith, then, under the law, it qualifies as a newspaper to which the county court and sheriff may, in their discretion, use in the publication of notices and other publications required to be published by them. The fact that individual Democrats, and even the regular party organization, speaking through its executive committee, may be dissatisfied with the na-

ture of the support it accords the party and its candidates, cannot affect the exercise of this discretion, unless there is clear abuse thereof. In *State ex rel. Phillips* v. *Conley, supra,* it was held that the fact that the owner of the newspaper in question was not a Democrat would not, of itself, affect the right of the newspaper owned by him to assume the status of a Democratic newspaper. In that case, the editor, though having on occasion, strayed from the path of strict party loyalty, claimed to be a Democrat. So far as the record shows, The Citizens-Register has been, until recently, edited by a Democrat, and notwithstanding criticism of its attitude in the last general election, we would not, on the showing made, be warranted in holding that it is not now a Democratic newspaper, unless recent developments through which its editorial policy has been turned over to a Republican changes the situation.

As this Court has said in *Wolfe* v. *County Court, supra,* the elements of good faith are here involved. The spirit of the legislative enactment requires that only newspapers of recognized loyalty to the party they assume to represent, should be permitted to make the publications required to be made in newspapers of opposite politics. Without intending to impinge upon the freedom of the press in any particular, or to gauge the moral questions involved, we can only express the opinion that a set-up under which one man undertakes to control the editorial policy of two newspapers of supposed opposite politics, published in the same relatively small community, lacks some of the elements of political morality. No man can honestly serve two masters as to matters in which their interests conflict. The mere fact that a newspaper claims to be a Democratic newspaper is not all controlling. Such a claim may be made by a statement which only requires space, type and ink to give it publicity.

But we are not persuaded that the present set-up with respect to the editorship of The Citizens-Register should brand it as other than a Democratic newspaper. That is a situation which can be corrected. The long period of time during which one of the newspapers constituting the pres-

ent Citizens-Register set-up has been recognized as a Democratic newspaper, argues against our holding that this position has been lost by some recent reorganization, the wisdom and good faith of which may be fairly questioned, but made with express notice that its status as a Democratic newspaper would be maintained and continued and would be its future policy. The showing made by the relator is, we think, insufficient to warrant us in holding that The Citizens-Register is not a Democratic newspaper, and treating it as such, the county court and the sheriff had the right, in their discretion, to use it as one of the mediums for the publication of officials' lists and notices which, under the law, they are required to publish in newspapers of opposite politics.

The writ prayed for is denied.

*Writ denied.*