295 S.E.2d 811

**STATE of West Virginia, ex rel. Phillip L. MORRIS**

v.

**Kyle KING, George G. Guthrie, and C. Frank LePage, Commissioners of the Police Civil Service Commission of the City of Charleston, West Virginia.**

No. 15425.

Supreme Court of Appeals of West Virginia.

June 23, 1982.

Rehearing Denied July 15, 1982.

Leo Catsonis and Michael T. Clifford, Charleston, for appellant.

Thomas B. Bennett, Charleston, for appellees.

PER CURIAM:

This is an appeal by Phillip L. Morris from an order of the Circuit Court of Kanawha County dismissing a petition for a writ of mandamus. In the petition the appellant had alleged that an evaluation procedure used by the Police Civil Service Commission of the City of Charleston to determine

his eligibility for promotion was constructed in an arbitrary and capricious manner and that it violated standards established by the rules and regulations of the Civil Service Commission. He had also alleged that the evaluation was not properly administered. On appeal he reiterates these views. After reviewing the record of the proceeding below we conclude that the trial court's findings were not clearly wrong, and we affirm the order dismissing the petition for a writ of mandamus.

The factual situation giving rise to this appeal is relatively simple. The appellant was a patrolman with the City of Charleston in early 1978 when the Mayor of the City issued a call for a competitive examination to fill eight sergeant vacancies in the City Police Department. The appellant took the examination and finished fourth among the applicants for promotion. He was not promoted, however, because he scored relatively poorly on the "Diagnostic Forced-Choice Personnel Evaluation". The results of that "Evaluation" were averaged in with the results of the competitive examination and with a seniority rating to place the appellant 16th on the list of those eligible for promotion.

After he was denied promotion the appellant filed a petition for a Writ of Mandamus with the Circuit Court of Kanawha County. In the petition he challenged the construction of the "Diagnostic Forced-Choice Personnel Evaluation" and its application to him.

In hearings subsequently conducted in the Circuit Court of Kanawha County extensive evidence was taken on the construction of the evaluation procedures and their administration.

In the course of the hearings Captain Grumney of the Ohio State Highway Patrol detailed the history of forced-choice evaluations. He indicated that they had been used in Ohio since 1958. The idea behind the evaluations had been developed by an industrial psychologist working for the armed forces during World War II. The concept had considerable currency among many different city and state police organizations. Many jurisdictions including Michigan, Washington, and several cities were using forced evaluations. Captain Grumney added that the evaluations had been topics of discussion at the Northwestern Traffic Institute, the Industrial Relations Center for Chicago, and the Southern Police Institution.

Captain Grumney's testimony indicated that a forced-choice evaluation reflected factors arising out of prior service, experience, merit, fitness, and education insofar as those factors related to supervisory ability. He summarized the value of such an evaluation in the following manner:

"A written test deals with ability to recall information, but it does nothing, tells nothing about what that officer can do in the line of duty, how he performs out there, actually under work conditions, where the Forced-Choice you are describing a man based on his performance. It deals with actual—the end product which is his performance."

Further testimony adduced at the hearings indicated that the actual forced-choice evaluation forms used to evaluate the 1978 candidates for promotion were devised by officers of Charleston Police Department working with the University of Kentucky. The officers had been instructed by Captain Grumney and followed the basic procedures employed by Captain Grumney in devising such forms.

During the hearings the appellant took the position that even if the forced-choice evaluation was devised in an acceptable manner, it was not properly administered to him. According to Captain Grumney to be valid it was necessary for the evaluations to be administered by a person who knew the candidate sufficiently well to relate to him the phrases on the evaluation forms. He indicated that for any rank below captain two or more evaluators were usually used. For captain or above often only one evaluator was used.

Additional evidence was introduced showing that the appellant was evaluated only by Lieutenant Roush. The appellant testified that he had had only 24 days of daily contact with Lieutenant Roush before the Lieutenant completed the evaluation.

His statement was based on a tabulation of payroll records. On the other hand, there was evidence that the appellant had been under Lieutenant Roush's command for six months.

On appeal the appellant argues that the circuit court erred in dismissing the mandamus proceeding for the reason that the evidence showed that the forced-choice evaluation was constructed in an arbitrary and capricious manner violative of civil service standards and for the further reason that the evidence showed that it was improperly administered to him.

■ Our test for determining whether a lower court's ruling in mandamus should be reversed is set forth in syllabus point 1 of *Point Pleasant Register Publishing Company v. County Court of Mason County,* 115 W.Va. 708, 177 S.E. 873 (1934):

> "The judgment of a circuit court in a proceeding in mandamus based upon a finding of fact upon conflicting testimony will not be reversed unless it appears to be clearly wrong."

The basic requirements of the Police Civil Service Act, as they relate to the questions involved in this appeal are set forth in *W.Va.Code,* 8–14–17 [1969]:

> "Vacancies in positions in a paid police department of a Class I or Class II city shall be filled, so far as practicable, by promotions from among individuals holding positions in the next lower grade in the department. Promotions shall be based upon merit and fitness to be ascertained by competitive examinations to be provided by the policemen's civil service commission and upon the superior qualifications of the individuals promoted, as shown by their previous service and experience...."

In the case before us there is no question that the procedures employed by the City of Charleston were designed to make promotions from the next lower grade in the Department and that they involved competitive examinations. The real question is whether the forced-choice evaluation reflected the superior qualifications of the candidates promoted as those qualifications were shown by their previous service and experience.

■ During the hearing in this case Captain Grumney indicated that the forced-choice evaluation reflected factors arising out of prior service, experience, merit, fitness, and education insofar as those factors related to supervisory ability. He testified that with "... the Forced-Choice you are describing a man based on his performance. It deals with actual—the end product which is his performance." We believe that although there may be semantic differences between the specific requirements of the statute and the specific testimony adduced, the clear import of Captain Grumney's testimony is that the forced-choice evaluation was designed to determine the qualifications of the persons promoted based upon their previous service and experience. We also believe that that testimony, although to a certain extent contradicted by evidence offered by the appellant, supports the trial court's conclusion that the forced-choice evaluation was an acceptable device to evaluate eligibility for promotion.

Regarding the administration of the evaluation, the central thrust of Captain Grumney's testimony was that to be valid the evaluation had to be administered by a person who knew the candidate sufficiently well to relate to him the phrases on the evaluation form. Implicit in the Captain's testimony was the fact that the evaluator had to be able to draw upon a knowledge of the candidate's previous service and experience in order to complete the evaluation. While he indicated that candidates for promotion to ranks below captain were usually evaluated by more than one person, he testified that candidates for higher ranks were often evaluated by only one. His testimony supports the view that evaluation by more than one evaluator under the forced-choice evaluation method is not absolutely necessary for a valid result.

■ After examining the record we conclude that while there were inconsistencies and contradictions in the evidence presented by the involved parties, we believe that

there was evidence which supported a finding that the forced-choice evaluation method complied with civil service requirements. It was administered in an acceptable, though perhaps not the most desirable, manner, and that it was administered by an officer who was acquainted with the appellant's previous service and experience.

In view of the fact that the circuit court's judgment was based upon a resolution of conflicts in the testimony, and in view of the fact that we do not believe that it was clearly wrong, we conclude that that judgment must be affirmed under the rule set forth in syllabus point 1 of *Point Pleasant Register Publishing Company v. County Court of Mason County, supra.*

Accordingly the judgment of the Circuit Court of Kanawha County is affirmed.

Affirmed.