ROBERT M. WELLS *v.* STATE ROAD COMMISSIONER

(No. 7910)

Submitted March 6, 1934. Decided March 13, 1934.

*Homer A. Holt,* Attorney General, and *R. Dennis Steed* and *W. Holt Wooddell,* Assistant Attorneys General, for plaintiff in error.

*I. L. Hark,* for defendant in error.

HATCHER, JUDGE:

A writ of mandamus was awarded by the circuit court requiring the respondent to issue relator a license for his truck under class "B" of the road laws. The respondent obtained a writ of error.

The truck is operated under a contract (for one year) with a laundry company. The contract terms the relator "salesman", confines his services to certain territory, and obligates him to furnish at his own expense a truck in the performance of his contractual duties which are: "To solicit for the laundry, laundry work and dry cleaning of such nature as the laundry shall, from time to time, designate, from persons, firms or corporations within the bounds of the route hereinbefore designated; to collect laundry and dry cleaning from customers on said route, to deliver the same to the laundry for service, to return and deliver the same to the customer after said laundry and dry cleaning has been serviced, and to collect the charges therefor from the customer, all of which duties shall be performed under the rules and regulations which shall, from time to time, be promulgated by the laundry." For his services relator is paid certain commissions on the total charges collected by him from his laundry customers. The respondent contends that the use of the truck places it in class "K" of the road laws. The "registration fee" is higher for class "K" than for class "B".

Class "B" includes all trucks "other than those operated for compensation." Acts 1933, First Ext. Session, Chapter 60, section 11. Class "K" includes all trucks "operated for transportation of property for compensation" other than common carriers. *Idem,* section 20. The test of classification, therefore, is whether a truck is operated for compensation.

Relator contends that he is an independent contractor and operates the truck in the performance of his own business. The respondent contends that the truck is operated in the

business of the laundry company and that the commission paid relator compensates him for operating the truck as well as for his personal services. The respondent is supported by the opinion of Judge Northcott of the three-judge Federal court for the Southern District of West Virginia in the case of *Buckland* v. *Lee*, not yet published. There is argument in favor of each contention. But an analysis of the arguments is not essential. In mandamus, it is not a question of weight of argument, but of clear legal right in the relator. It is the primary duty of the respondent to classify trucks. His classification should not be disturbed unless plainly wrong. The apparent reasons supporting his classification in this case are so substantial that we cannot say he is wrong.

Hence, the plaintiff does not show a clear legal right to the writ, and the judgment of the circuit court is reversed.

*Reversed.*