Venice Crouch, *an Infant, etc. v.* R. H. Crouch

(No. 9266)

Submitted February 24, 1942. Decided May 5, 1942.

*Ashworth & Sanders,* for appellant.
*Bailey & Shannon,* for appellee.

Riley, Judge:

This appeal challenges the final decree of the Circuit Court of Wyoming County which granted to plaintiff, Venice Crouch, a divorce from R. H. Crouch and awarded her an allowance as alimony and suit money.

The first ground assigned as basis for reversal is jurisdictional.

On March 4, 1941, plaintiff, an infant, by next friend, brought suit for divorce against defendant by issuance of a summons, returnable to April rules, and bearing the following return of service:

"Executed the within notice on the within named R. H. Crouch, this March 5, 1941, by posting a true office copy of same on the front door of the residence of the said R. H. Crouch, he, or any member of his family not being found at his place of residence or in Wyoming County."

On April 30, 1941, defendant appeared specially by counsel, and moved the court to quash the return, filed a plea in abatement, alleging that he did not have a residence or usual place of abode in Wyoming County on either the date of the issuance of process or the date shown in the return when service was allegedly made. An answer having been filed denying the assertions contained in the plea, evidence on the issue of residence and usual place of abode was taken, from which the following facts appear:

Plaintiff and defendant were married in September, 1940, and set up housekeeping in a house owned by defendant's father and located near Oceana, Wyoming County, West Virginia, where they lived for a period of between one and two weeks. On March 2, 1941, about midnight, plaintiff left defendant's home and went to her father's home about two miles distant from where she and her husband had been residing. About two o'clock in the morning of March 3, 1941, she returned for her clothes and on the following day instituted her suit. The deputy sheriff who executed the summons testified that he went to the house where defendant had lived, and was supposed to have lived then; that he was informed "some of them had moved the furniture out that day"; that there were "some window blinds there and probably a piece of furniture or two and some flour bins and stuff like that." He admitted that he did not know whether anyone lived there, and posted the copy of summons on the door of the house on advice of plaintiff's counsel. According to the testimony of defendant's father, defendant has not resided in Wyoming County since March 3, 1941. He admitted that defendant had lived in the county for seven years prior thereto, and this fact is cor-

roborated by the registration book showing defendant's registration on March 19, 1940, as a voter with address at Oceana.

The trial chancellor overruled both the motion to quash and plea in abatement and dismissed the plea. Did the court err in so doing?

At the outset it must be noted that Code, 56-2-1, requires, for substituted service, that process be served by having copy of process posted at the front door of defendant's "usual place of abode", which, according to the rule adopted in *Capehart, Admr.* v. *Cunningham,* 12 W. Va. 750, means such abode "at the time of service". The officer's return of service uses the term "residence" rather than the statutory words, and presumably this was the basis for defendant's motion to quash. The plea in abatement, while alleging that defendant had no residence or usual place of abode in Wyoming County on the date when process was posted, did not state where his residence or usual place of abode is, and thus failed to give plaintiff "a better writ" which is an elemental requisite of such a plea.

The burden of proof to sustain the allegation in the plea that defendant had no usual place of abode in Wyoming County at the time when the deputy posted copy of summons was on defendant. 49 C. J. 243; *Builders Supply Co.* v. *Piedmont Lumber Co.,* 122 Va. 225, 94 S. E. 938. Has he met that burden? It is evident that most of the furniture had been moved from the dwelling when the officer sought to serve process on defendant; but it had been moved by direction of defendant's father who claimed he had purchased it, a fact which plaintiff did not deny. The place of posting had, of course, been defendant's usual place of abode. Has he abandoned it? Defendant himself did not testify. His father testified that defendant had moved from the dwelling, but failed to state how he had acquired such information. There is no witness from whose evidence it may be said unequivocally that defendant had quit the premises with the intention not to return, or that he had established a

new residence *bona fide*. The instant case presents a different factual picture from that of *Williamson* v. *Taylor*, 96 W. Va. 246, 122 S. E. 530, where defendant, himself testifying, established the abandonment of his former place of abode and the establishment of a new one, and wherein the Court held that:

> "Under the statute 'the usual place of abode' means the customary place of abode at the very moment the writ is left posted; hence where the writ is left posted at a former place of abode, but from which defendant had in good faith removed and taken up his place of abode elsewhere, service so had is ineffective and invalid."

Only by inference may it be said that the removal of the furniture was indicative that defendant had abandoned his usual place of abode. True, the record discloses that defendant has instituted divorce proceedings against plaintiff in the State of Florida. Shall we ground abandonment of his usual place of abode therefrom? We think not, for again the record is silent of facts from which the Court might glean the conduct and intention of defendant on the issue under consideration. Hence, we cannot say that the trial court was clearly wrong in retaining jurisdiction of the divorce cause. A trial chancellor's finding of fact will not be disturbed on appeal unless it is clearly wrong or against the preponderance of the evidence. *Spradling* v. *Spradling*, 118 W. Va. 308, 190 S. E. 537; *Shipper* v. *Downey*, 119 W. Va. 591, 197 S. E. 355; *Pickens* v. *O'Hara*, 120 W. Va. 751, 200 S. E. 746. We believe, however, that amendment of the return of service of process should have been made, permissive under Code, 56-4-30, to show that posting had been at defendant's "usual place of abode" instead of "residence". We do not think it reversible error because the trial chancellor refused to quash the return of service, inasmuch as the jurisdictional question was in reality disposed of on the plea in abatement.

The next assignment of error is that the decree which

awarded to plaintiff a divorce and also alimony and suit money is void for the reason that the trial chancellor did not wait until the end of the fifteen-day period required under Code, 56-4-56, before entering such decree. The record discloses that on July 18, 1941, the court overruled defendant's motion to quash and plea in abatement, and likewise dismissed the plea and simultaneously set the cause for hearing on July 25, 1941, when the final decree complained of herein was entered. The cited statute grants a defendant fifteen days after a plea has been overruled in which to file his answer, and further provides that "if he fail to appear and answer the bill within such fifteen days, or additional time, if any such be granted, the plaintiff shall be entitled to a decree against him for the relief prayed for * * *." Antedating the present statute, when the procedure required a rule to answer on overruling a pleading such as a demurrer, it was held error for the court immediately to render a final decree in a suit. *Moore* v. *Lignon,* 22 W. Va. 292, 301. By the current statute, the right of the trial chancellor to enter a final decree must, by specific expression, be delayed for the period of fifteen days. Hence, it is our conclusion that, at the time of the entry, the circuit court was without authority to enter the decree of July 25, 1941.

We, therefore, reverse such decree and remand the cause.

*Reversed and remanded.*