LULU POWELL

*v.*

ODBERT SAYRES, *Executor, etc., et al.*

(No. 10218)

Submitted April 19, 1950. Decided July 15, 1950.

*William T. George, Sr., William T. George, Jr.,* for appellant.

*L. Baker Fowler,* for appellees.

LOVINS, PRESIDENT:

Lulu Powell, who will be hereinafter designated as "plaintiff", instituted this suit in the Circuit Court of Randolph County against Odbert Sayres, Odbert Sayers, executor of the alleged will of Wade H. Sayres, Aaron Sayres and Arnett Sayres, who will be hereinafter referred to as "defendants". The object of the suit is to ascertain which of two writings, if either, is the true last will and testament of Wade H. Sayres.

The trial court, in response to the prayer of the plaintiff's bill of complaint, directed an issue *devisavit vel non.* That issue was submitted to a jury, resulting in a verdict that the writing dated December 12, 1947, hereinafter designated as "writing No. 2", is the true last will and testament of Wade H. Sayres. The trial court entered a decree in accordance with the verdict, from which plaintiff appeals.

Wade H. Sayres executed a writing, dated May 5, 1947, hereinafter referred to as "writing No. 1", which writing is alleged to be his last will and testament. By that writing he devised and bequeathed all of his property remaining after the payment of his debts, funeral and other expenses to the plaintiff. He also executed writing No. 2, while in Randolph County, which reads as follows:

> "I, Wade H. Sayres being of sound mind having decided to make my home for the rest of my natural life with my son Odbert Sayres of Harding, W. Va. do this day will to him for my keep all of my real and personal property and name him administerator of my estate without bond.
>
> "This is my last will and testament.
>
> WADE H. SAYRES<br>X His Mark
>
> Witness O. L. Randolph<br>Witness, Sylvia Randolph"

Writing No. 1 was admitted to probate on June 2, 1948, by the Clerk of the County Court of Taylor County, as and for the last will and testament of Wade H. Sayres, and plaintiff was appointed executrix in that proceeding. Writing No. 2 was admitted to probate on January 17, 1948, by the Clerk of the County Court of Randolph County, as and for the last will and testament of Wade H. Sayres, and Odbert Sayres was appointed executor by such clerk. In each instance the admission to probate was *ex parte*.

Plaintiff's bill alleges that Wade H. Sayres was a resident of Barbour County, that early in December, 1947, he went to the home of his son, Odbert Sayres, in Randolph County, and that Wade H. Sayres went there on a visit, but Odbert Sayres testified that his father changed his residence from Barbour County to Randolph County.

Plaintiff further alleges that writing No. 1 is the true last will and testament of Wade H. Sayres; that Wade H. Sayres was not mentally competent to make a will at the time writing No. 2 was signed; that such writing is not properly executed, if Wade H. Sayres did, in fact, execute it; and that if he did, in fact, execute writing No. 2, that his signature was obtained by undue influence. Plaintiff prayed that an issue *devisavit vel non* be directed to determine which of such writings, if either, is the true will of Wade H. Sayres, and for general relief.

Odbert Sayres in his own right filed a demurrer to plaintiff's bill of complaint on October 15, 1948, which was overruled on March 8, 1949. On the last-mentioned date, the time for filing an answer to the bill of complaint was extended to May 1, 1949, but such answer was not filed until June 3, 1949, when the joint and separate answer of Odbert Sayres, as executor of Wade H. Sayres, and as an individual, was filed by leave of court, no further extension of time having been theretofore granted. But the decree filing said answer recites that good cause was shown for an extension of the time for filing same.

The answer of Odbert Sayres, in his own right and as executor, avers that writing No. 1 is not the true last will

and testament of Wade H. Sayres; that writing No. 2, was properly executed; that there was no undue influence used to obtain the signature of Wade H. Sayres to such writing No. 2; and that Wade H. Sayres was mentally competent to make a will.

Plaintiff moved to strike the joint and separate answer of Odbert Sayres, individually, and Odbert Sayres, executor, from the record; that a decree *pro confesso* upon the bill be rendered against Odbert Sayres, individually, and Aaron and Arnett Sayres, which motions were overruled.

Thereafter Aaron and Arnett Sayres filed their joint and separate answer, in which it was alleged that Wade H. Sayres was not a resident of Barbour County, but was a resident of Randolph County at the time of his death; that writing No. 1 was not the last will and testament of Wade H. Sayres; that they and Odbert Sayres are the sons of Wade H. Sayres; that in the absence of a will that they and Odbert Sayres would be entitled to the property owned by Wade H. Sayres at the time of his death; and that Wade H. Sayres died testate, he having made his last will and testament, which was admitted to probate by the Clerk of the County Court of Randolph County, West Virginia.

Plaintiff demurred to, and moved to strike, the answer of Aaron and Arnett Sayres, which demurrer and motion were overruled. Plaintiff assigned as reasons in support of her demurrer and motion to strike that the answer of Aaron and Arnett Sayres raised no issue, since they would take no property of their father, if either of the writings executed by him should be held to be his last will and testament; and that the answer of Aaron and Arnett Sayres was not timely filed, plaintiff having therefore moved for a decree *pro confesso*.

The demurrer to the answer of Aaron and Arnett Sayres and the motion to strike having been overruled, plaintiff moved for a continuance on the ground that the court had not theretofore directed an issue of *devisavit*

*vel non,* but the trial court overruled the motion for a continuance, directed that the issue *devisavit vel non* be made "to ascertain whether any, and if any, how much of the two paper writing described in the bill of complaint is the true last will and testament of Wade H. Sayres", and transferred the cause to the law side of the court for trial by a jury.

Plaintiff declined to introduce any testimony, although her counsel remained at the counsel table during the taking of such testimony.

Two witnesses were introduced by defendants to show that writing No. 2 is the last will and testament of Wade H. Sayres: Odbert Sayres and the Clerk of the County Court of Randolph County.

Odbert Sayres, the sole beneficiary under writing No. 2, testified that he was the son of Wade H. Sayres; that his father died at witness' home in Randolph County on January 6, 1948; that he had been there about one month, having brought his furniture and belongings to witness" home; that plaintiff had filed a claim against his father's; estate for amounts allegedly due her for his father's room and board; that Wade H. Sayres left a will dated December 12, 1947; that O. L. Randolph and Sylvia Randolph were attesting witnesses to Wade H. Sayres' will, and present at the time the writing was signed; that the attesting witnesses signed writing No. 2 in the presence of his father, and in the presence of each other; that the writing was admitted to probate by the Clerk of the County Court of Randolph County on the sworn statements of the attesting witnesses; that his father was over the age of twenty-one, and that he was of sound mind.

The Clerk of the County Court of Randolph County testified that writing No. 2 was admitted to probate on January 17, 1948, and identified a certified copy of such writing; that the admission to probate was made upon the sworn statements of the attesting witnesses, who stated that Wade H. Sayres made his mark to said writing in their presence, and that they, the attesting wit-

nesses, signed the writing as witnesses at the request of Wade H. Sayres, in his presence, and in the presence of each other.

Plaintiff assigns many errors, most of which are relatively unimportant and call for no extended discussion. We think that the following suffice to dispose of all substantial questions raised on the record: (1) Was plaintiff entitled to have a decree *pro confesso* entered as to any or all of the defendants; (2) was Odbert Sayres' testimony concerning the execution of writing No. 2 and the mental capacity of his father admissible; and (3) is there sufficient competent evidence to support the verdict of the jury and the decree of the trial chancellor?

Preliminary to a discussion of the controlling questions, it is to be observed that there was no occasion for transferring this case to the law side of the Circuit Court of Randolph County, since an issue *devisavit vel non* may be tried at the bar of a court of equity. *Coalter's ex'or., et al.* v. *Bryan, et al.,* 1 Grat. 18, 86.

We do not perceive any error in the action of the trial court in overruling the demurrer of plaintiff to the answer of Odbert Sayres, in his own right, and Odbert Sayres as executor. Likewise the motion to strike said answer from the record, as will be hereinafter shown, was not tenable.

The contentions of the plaintiff with respect to the rulings of the court on the demurrer to, and the motion to strike the joint and separate answer of Aaron and Arnett Sayres likewise are without merit. The heirs and distributees of decedent should be made parties defendant to a bill in chancery to contest the validity of a will, as well as the parties who claim under an alleged will of a decedent, which has been probated in an *ex parte* proceeding. *Dower* v. *Church,* 21 W. Va. 23. If such heirs and distributees are not made parties to a suit to contest the validity of a will, and no objection is made in the trial court on that account until after the rendition of a verdict, a verdict and a decree based thereon otherwise

free from error should not be set aside by an appellate court because there was a failure to make proper parties defendants in the trial court. *Dower* v. *Church, supra.* If neither of the two writings here considered is a valid testamentary disposition of the property to Wade H. Sayres, Aaron and Arnett Sayres would be entitled to take their respective shares of his property as heirs at law and distributees. In this suit plaintiff made Aaron and Arnett Sayres parties defendant to her bill. They were proper parties and had a right to answer.

A motion for continuance is directed to the sound discretion of a trial court, and although that discretion is reviewable, a decree or judgment will not be reversed in the absence of an abuse thereof. See *Hutchinson* v. *Park Corp.,* 128 W. Va. 419, 424, 36 S. E. 2d. 889. The ground assigned by plaintiff in support of her motion for a continuance was insufficient, and the ruling of the court on such motion was correct.

The plaintiff's motion to enter a decree *pro confesso* as to three of the defendants calls for a discussion of the applicability of Code, 56-4-56. It is well to note at the outset that only Odbert Sayres in his own right interposed a demurrer to plaintiff's bill of complaint. Therefore, the provisions of Code, 56-4-56, if applicable, were not operative as to Odbert Sayres, executor, Aaron Sayres and Arnett Sayres.

Code, 56-4-56, by its terms deals only with a suit in equity; and the provisions of Code, 56-4-57, permit a defendant to file an answer at any time before final decree, unless required to file it sooner under Code, 56-4-56, or "by proper rule of court."

The law with respect to the right of a plaintiff to a decree *pro confesso* is stated in the recent case of *Strachan* v. *Insurance Co.,* 130 W. Va. 692, 44 S. E. 2d. 845, as follows: "Upon demurrer to a bill of complaint being overruled, and after the lapse of the time provided by Code, 56-4-56, for the filing of an answer or of a proper extension of that time as therein provided, without the incoming of an

answer, the right of the plaintiff to a default decree as upon a bill taken for confessed becomes absolute. The opinions in the cases of *Mathews* v. *Dale,* 118 W. Va. 303, 190 S. E. 338, *Altmeyer* v. *Fassig, et al.,* 114 W. Va. 266, 171 S. E. 529, and *Carleton Mining & Power Co.* v. *West Virginia Northern R. Co.,* 113 W. Va. 20, 166 S. E. 536, are modified to the extent that they are not in accord with this syllabus." The principle relative to filing an answer is as follows: If there is no valid extension of time and the fifteen-day period provided for in Code, 56-4-56, has elapsed, an answer of the defendant is properly rejected. *Wolford* v. *Wolford,* 133 W. Va. 403, 56 S. E. 2d. 614. In *Barnes* v. *Warth,* 124 W. Va. 773, 22 S. E. 2d. 547, it was held that a motion for an enlargement of time for filing an answer must be made within the fifteen-day period following the entry of an order overruling a demurrer. The principles announced in the *Strachan* and *Wolford* cases have been developed in a number of comparatively recent cases. See *Kinkead* v. *Securo,* 112 W. Va. 671, 166 S. E. 382; *Hughes* v. *McElwee,* 120 W. Va. 176, 197 S. E. 631; *Beatty* v. *Trust Co.,* 123 W. Va. 144, 149, 13 S. E. 2d. 760; *Smith* v. *Parkersburg,* 125 W. Va. 415, 24 S. E. 2d. 588.

An issue out of chancery granted under Code, 56-6-4, is distinguishable from an issue of *devisavit vel non.* The direction of an issue out of chancery under Code, 56-4-4, lies in the sound discretion of a trial court. Certain principles unnecessary to discuss at length have been announced by this Court for guidance in the exercise of such discretion. See *Anderson & Co.* v. *Cranmer,* 11 W. Va. 562; *Ogle* v. *Adams,* 12 W. Va. 213; *Van Gilder* v. *Hoffman,* 22 W. Va. 1; *Alexander* v. *Davis,* 42 W. Va. 465, 26 S. E. 298.

After one trial of an issue out of chancery is had, a new trial thereof shall not be granted. Code, 56-6-4. A verdict of a jury on an issue out of chancery is only advisory to the trial chancellor. *Ammons* v. *South Penn Oil Co.,* 47 W. Va. 610, 627, 35 S. E. 1004; *Mullens* v. *Lilly,* 123 W. Va. 182, 13 S. E. 2d. 634, 642.

A person coming within the provisions of Code, 41-5-11, under the terms of the statute, is entitled to an issue of *devisavit vel non*. The statute so provides. Therefore, a trial chancellor has no discretion to direct or refuse to direct such issue. The verdict of a jury on the issue of *devisavit vel non*, if the verdict is sustained by the evidence, and no error is shown in the trial of such issue, is binding on the trial chancellor. See *Snedeker* v. *Rulong*, 69 W. Va. 223, 71 S. E. 180; *Dower* v. *Seeds*, 28 W. Va. 113; *Dower* v. *Church*, 21 W. Va. 23; *Jesse & als. v. Parker's admin's. & als.*, 6 Grat. 57.

Code, 41-5-10, provides for the probate of a will *ex parte* by a county court or the clerk of such court without notice to any party. Code, 41-5-11, provides: "After a judgment or order entered as aforesaid in a proceeding for probate ex parte, any person interested who was not a party to the proceeding, or any person who is not a party for probate in solemn form, may proceed by bill in equity to impeach or establish the will, on which bill, *if required, by any party, a trial by jury shall be ordered*, to ascertain whether any, and if any, how much of what was so offered for probate be the will of the decedent. * * *". (Italics supplied.) See *Grottendeck* v. *Webber*, 132 W. Va. 539, 52 S. E. 2d. 700, 702.

We are mindful of some expressions in the opinions of this Court to the effect that when the validity or invalidity of a will has been determined upon such issue that the functions of the suit are exhausted. Such expressions mean that the issue is limited to the sole question whether a writing, or any part thereof, is the true will of a decedent. The accounts of an executor, the interpretation of a will, and other questions relative to the estate of a decedent cannot be litigated therein.

In view of the provisions of Section 24, Article VIII, of the Constitution of West Virginia, reading in part as follows: "The county courts * * * shall have jurisdiction in all matters of probate * * *", we deem it necessary to advert to a possible argument that Code, 41-5-11, ex-

tends to circuit courts the power to probate wills. This Court has held that "In the State of West Virginia the county courts, and the clerks thereof, in vacation, have exclusive original jurisdiction in all probate matters involving the probate of wills, and the ordinary administrative proceedings involved in the administration of estates." *Stone* v. *Simmons,* 56 W. Va. 88, 48 S. E. 841; *Nicklin* v. *Downey,* 101 W. Va. 320, 326, 132 S. E. 735; *Weese* v. *Weese,* 134 W. Va. 233, 58 S. E. 2d. 801, 810. Code, 41-5-11, does not apply until after there has been the probate of a will by the county court, or the clerk thereof in vacation, either *ex parte* or in solemn form; and in either event it is available only to an interested person who was not a party to the probate proceeding in the county court. But the direction and trial of an issue *devisavit vel non* is not an appellate proceeding, and the regularity or irregularity of a proceeding to probate a will in a county court or before the clerk of such court, is not considered by a circuit court upon a bill to test the validity of a will. *Coffman* v. *Hedrick,* 32 W. Va. 119,. 9 S. E. 65. We characterize the proceeding to test the validity of a will upon an issue of *devisavit vel non* as a statutory proceeding, wherein a trial *de novo* is had in the circuit court. *Coffman* v. *Hedrick, supra.*

At this point we observe that in the *ex parte* probates of writings Nos. 1 and 2 involved in this suit, the plaintiff was appointed executor by the Clerk of the County Court of Taylor County and Odbert Sayres was appointed executor by the Clerk of the County Court of Randolph County. We raise, without deciding, the question whether the plaintiff and Odbert Sayres were actually parties to the probate of the respective writings under which they claim, as the record is insufficient to disclose fully their connections with the proceedings in Taylor and Randolph Counties.

There is another reason for distinguishing a suit in which an issue of *devisavit vel non* is directed from an ordinary suit in chancery. "In a chancery proceeding to set aside a will, the burden of proving the due execution

of the will and the testamentary capacity of the decedent is upon the proponents. The proof of undue influence is upon the contestants." Pt. 3 syl., *Payne* v. *Payne,* 97 W. Va. 627, 125 S. E. 878. "When a will is offered for probate, the burden is on the propounder to prove that the will was duly executed according to the requirements of the statute, and that at the time of the execution thereof the testator was of sound mind and authorized under the statute to make a will." *McMechen* v. *McMechen,* 17 W. Va. 683. When it is established that a testamentary writing has been duly executed and that the testator was mentally competent at the time it was executed, a *prima facie* case is established. See *Coalter* v. *Bryan, supra; McMechen* v. *McMechen, supra; Nicholas* v. *Kerschner,* 20 W. Va. 256; *Kerr* v. *Lunsford,* 31 W. Va. 659, 8 S. E. 493. See annotation as to "Prima facie case for proponent in a will contest as shifting the burden of proof", 76 A. L. R. 373, where the authorities are collated and discussed.

In the case at bar the nominal defendants, being the proponents of writing No. 2 as the true will, had the right to open and conclude the evidence. *Coalter* v. *Bryan, supra; McMechen* v. *McMechen, supra.*

At common law, the sanity of a person is presumed, but such presumption as to the sanity of a testator does not obtain on the trial of an issue *devisavit vel non,* since the right to make a will of realty did not exist at common law. See *McMechen* v. *McMechen, supra,* where reasons for the absence of such presumption are discussed. A suit in equity, under Code, 41-5-11, has as its sole purpose the determination of the validity of a will, and the jurisdiction of a court wherein such suit is pending is limited to that issue. *Chitwood* v. *Collins,* 122 W. Va. 267, 8 S. E. 2d. 830. Although a suit wherein an issue of *devisavit vel non* is directed is in a court of equity, the procedure is substantially the same as in an action at law. *Coalter* v. *Bryan, supra.* See *Lamberts* v. *Cooper's ex'or. & als.,* 29 Grat. 61; *Rickard* v. *Rickard,* (Va.), 115 S. E. 369. The institution, hearing and determination of a suit of this

character in a court of equity rests on the provisions of Code, 41-5-11. See *Coalter* v. *Bryan, supra.*

The nominal defendants in this suit occupying the position of plaintiffs as to writing No. 2, the burden of proof being on them to establish the legal execution of writing No. 2 and the testamentary capacity of Wade H. Sayres, and the suit being in the nature of a law action, the provisions of Code, 56-4-56, are not applicable thereto.

After the determination of such suit, if there be error in the trial or if the verdict of the jury is not sustained by the evidence, the verdict, unlike one returned on an issue out of chancery under Code, 56-4-4, may be set aside either by the trial court or appellate court, and a new trial granted. *Nicholas* v. *Kerschner, supra.* See Hogg's Equity Procedure, Miller, 3d ed., Section 651; 1 Barton's Chancery Practice, 3d ed., page 523; *Coalter* v. *Bryan, supra; Snedeker* v. *Rulong, supra; Carpenter* v. *Hayhurst,* 72 W. Va. 780, 79 S. E. 819.

We conclude that although a suit to test the validity of a will under the statute is brought in a court of equity, the provisions of Code, 56-4-56, do not apply, as the provisions of Code, 41-5-11 are imperative, and the issue once directed should be established by proof and determined by a jury. Therefore, the rendition of a decree *pro confesso* was not proper.

We now come to a consideration of the sufficiency of the evidence introduced by the defendants to sustain the validity of writing No. 2 as the true last will and testament of Wade H. Sayres. No objection was made to the questions propounded to either of the two witnesses introduced by defendants, although Odbert Sayres was the sole beneficiary under writing No. 2, and testified at some length with respect to the execution of writing No. 2 and the mental competency of Wade H. Sayres. Before the trial court entered the final decree, however, plaintiff moved the court to set aside the verdict, some of the grounds assigned in support of such motion being to the effect that no competent evidence was introduced to show

that testator was of sound mind at the time of the execution of writing No. 2; that the original writing was not introduced; and that Wade H. Sayres, though able to write, signed by mark. Considering the paucity of evidence in this cause, the attention of the trial chancellor was properly directed to the inadmissibility of Odbert Sayres' testimony. The execution of the will by Odbert Sayres was a personal transaction, within the meaning of Code, 57-3-1, as amended and reenacted by Chapter 67, Acts of the Legislature, 1937, Regular Session. *Freeman v. Freeman*, 71 W. Va. 303, 76 S. E. 657. Odbert Sayres was not competent to testify relative to the execution of the will, and the mental capacity of his father, he being the sole beneficiary under writing No. 2. *Freeman v. Freeman, supra.* See *Trowbridge v. Stone's Admr.*, 42 W. Va. 454, 26 S. E. 363; *Kilgore v. Hanley*, 27 W. Va. 451. It is a somewhat unusual circumstance that neither of the attesting witnesses to the will was produced, nor was their absence accounted for. Furthermore, the original of writing No. 2 was not produced, nor the failure to do so explained. The testimony of the County Clerk of Randolph County related to the probate of writing No. 2 as the will of Wade H. Sayres. He recounted the sworn statements of the attesting witnesses made before him. His testimony in that respect was hearsay, and upon proper objection should have been excluded. As hereinabove stated, the circuit court is not called upon in a proceeding, under Code, 41-5-11, to pass upon the regularity of the probate proceeding before a county court, or the clerk of such court. The testimony of the county clerk had no other effect than to recount the proceedings before him on the *ex parte* probate of writing No. 2. When the incompetent testimony of Odbert Sayres is excluded as it should be, and the testimony of the other witness is properly evaluated, the evidence is clearly insufficient to support the verdict of the jury, and the decree pronounced thereon. Consequently such decree must be reversed and the verdict set aside.

In accordance with the foregoing the decree of the Circuit Court of Randolph County is reversed, the verdict

set aside, and a new trial of the issue *devisavit vel non* heretofore directed is awarded.

> *Judgment reversed;*
> *verdict set aside;*
> *new trial awarded.*