STATE *ex rel.* MCKINLEY TRENT

*v.*

D. B. AMICK, *et al.*

(No. 10530)

Submitted January 21, 1953. Decided February 24, 1953.

*McKinley Trent, Dan C. Robinson,* for petitioners.

*William B. Hogg, H. D. Rollins,* for defendants.

GIVEN, JUDGE:

In this original proceeding in mandamus, petitioners, McKinley Trent, Trustee, and McKinley Trent, in his own right, seek a writ requiring the Judge of the Circuit Court of Cabell County to enter a decree in their favor, granting all the relief sought in a chancery cause pending in that court, wherein petitioners herein and Frances Anne Trent, McKinley H. Trent, William Allen Trent, Ellen Frances Trent, Mamonca Syndicate, a Corporation, Bascom Copley, Sr., Bascom Copley, Jr., and Troy Copley, were plaintiffs, and D. B. Amick and others were defendants. The instant proceeding is disposed of upon the petition;

the answer of Samuel Brown, Wallace J. Dempsey, Goldie Hensley, Burgess Lowe, Merle Stepp, Clyde W. Stepp, Thomas J. Stepp, Adrian J. Stepp, A. R. Stepp, S. S. Stepp, Ersel L. Slater and Paul G. Stepp; the demurrer and the replication of petitioners to that answer; the answer of D. B. Amick and G. G. Priestley, Trading and Doing Business as Charleston Drilling Company, and D. B. Amick and G. G. Priestley, in their own right; the demurrer and the replication of petitioners to the last mentioned answer; a so-called special replication of the defendants named in the last mentioned answer; briefs filed by the respective parties; and upon oral arguments.

The general purpose of the chancery cause, as disclosed by the bill of complaint, a copy of which is incorporated in the petition in the instant action, is to obtain a dissolution of the mining partnership existing as to certain of the plaintiffs and defendants, and a settlement of the affairs of the partnership.

A demurrer was filed to the bill of complaint by certain of the defendants, on May 5, 1952, and a plea in abatement to the bill of complaint was filed on May 21, 1952, by other defendants. The demurrer and the plea raised questions as to venue. On September 15, 1952, an order was entered overruling the demurrer to the bill of complaint and sustaining a demurrer to the plea. No answer having been filed to the bill of complaint, and no motion having been made for the enlargement of the time within which an answer could be filed within the fifteen days following the action of the court, the petitioners in the instant proceeding, on the 31st day of October, 1952, after ample notice, moved the trial court to enter a decree adjudicating the merits of the cause, on the theory that defendants were barred from further pleading by virtue of the provisions of Code, 56-4-56, and that the allegations of the bill of complaint should be taken as confessed.

Code, 56-4-56, reads: "A plaintiff in equity may have any plea or demurrer set down to be argued. If the same be overruled, no other plea or demurrer shall afterwards

be received, but the defendant shall file his answer, in court, if in session, or, if not in session, in the clerk's office of the court in which the suit is pending, within fifteen days after the overruling of his plea or demurrer, unless, for good cause shown, the time is enlarged by the court, or the judge thereof in vacation; and if he fail to appear and answer the bill within such fifteen days, or additional time, if any such be granted, the plaintiff shall be entitled to a decree against him for the relief prayed for therein, or the plaintiff may proceed against such defendant in the manner prescribed by section sixty-six of this article. Any answer filed in the clerk's office in vacation pursuant to the provisions of this section shall have the same status and effect as if filed in term."

Defendants in the instant proceeding take the position that the provisions of the statute can not be applied to the facts in the chancery cause, for the reason that after the filing of the demurrer and the plea to the bill of complaint, but before action of the court thereon, plaintiffs filed an amended and supplemental bill of complaint in the chancery cause, seeking further or different relief from that prayed for in the original bill of complaint. The demurrer to the bill of complaint, and the plea mentioned above, were not refiled after the filing of the amended and supplemental bill of complaint, and no pleading was filed by any defendant subsequent to that time.

The record in the instant proceeding discloses that on June 19, 1952, after the filing of the demurrer and the plea, but before the action of the trial court thereon, there was filed in the chancery cause an amended and supplemental bill of complaint, which asked for certain relief not prayed for in the original bill of complaint, and prayed that "McKinley Trent, Trustee, be transferred from the position of plaintiff to the position of defendant and be required to account for the money collected by him and paid over to the defaulting partners * * *." There appears no question that each of the parties who joined in the original bill of complaint also joined in the amended and supplemental bill of complaint, with the exception of McKin-

ley Trent, Trustee, and McKinley Trent, in his own right. As to them, it is contended that while their names appear on the amended and supplemental bill of complaint as written, vouched for by Thomas West, as attorney, their names were stricken before the filing thereof. An order filing the amended and supplemental bill of complaint reads:

"This day came the plaintiffs, except McKinley Trent, Trustee, by their attorney, Thomas West, and tendered and asked leave to file their amendment and supplement to the Bill of Complaint heretofore filed herein together with an exhibit called for therein and it appearing to the Court that no answer has ever been filed or appearance made to said Bill by the defendants or any of them, except to file a plea in abatement, leave to file said amendment as a part of said Bill is hereby granted and the same is accordingly.filed."

This Court is of the opinion that the order is controlling, and finds and holds, in so far as the question is material to a decision of the instant case, that McKinley Trent, in his individual capacity, joined in the amended and supplemental bill of complaint. The language of the court used in the order is clearly to the effect that all plaintiffs, except McKinley Trent, Trustee, joined in the amended and supplemental bill of complaint. Having noted in the order the one exception, it is not probable that the court neglected to note an exception as to another plaintiff. It may not be amiss to note here that no mention of the amended and supplemental bill of complaint was made in the petition filed in the instant proceeding.

Code, 56-4-56, quoted above, has been given consideration by this Court in a number of cases. Its history may be gathered from the following cases: *Powell* v. *Sayres,* 134 W. Va. 653, 60 S. E. 2d 740; *Wolford* v. *Wolford,* 133 W. Va. 403, 56 S. E. 2d 614; *Strachan* v. *Mutual Fire Ins. Co.,* 130 W. Va. 692, 44 S. E. 2d 845; *Smith* v. *City of Parkers-*

*burg,* 125 W. Va. 415, 24 S. E. 2d 588; *Barnes* v. *Warth,* 124 W. Va. 773, 22 S. E. 2d 547.

In the *Strachan* case this Court held: "Upon demurrer to a bill of complaint being overruled, and after the lapse of the time provided by Code, 56-4-56, for the filing of an answer or of a proper extension of that time as therein provided, without the incoming of an answer, the right of the plaintiff to a default decree as upon a bill taken for confessed becomes absolute. The opinions in the cases of *Mathews* v. *Dale,* 118 W. Va. 303, 190 S. E. 338, *Altmeyer* v. *Fassig, et al.,* 114 W. Va. 266, 171 S. E. 529, and *Carleton Mining & Power Co.* v. *West Virginia Northern R. Co.,* 113 W. Va. 20, 166 S. E. 536, are modified to the extent that they are not in accord with this syllabus."

While the right of a plaintiff to have a default decree, in a proper case, becomes absolute, this Court has pointed out the inapplicability of the statute in certain cases. In *Smith* v. *City of Parkersburg, supra,* the Court held, Point 1, syllabus: "The fifteen-day period prescribed by Code, 56-4-56, does not limit the time within which an answer may be filed where the questions of law arising upon demurrer overruled have been certified to an appellate court for decision before that period has run." In *Strachan* v. *Mutual Fire Ins. Co., supra,* Judge Kenna wrote, "* * * It is to be borne in mind that this seemingly harsh rule applies only to a defendant who has appeared and is represented by counsel * * *." In *Powell* v. *Sayres, supra,* the Court held, Point 1, syllabus: "The provisions of Code, 56-4-56, are not applicable in a suit wherein an issue *devisavit vel non* is directed under Code, 41-5-11, and a decree *pro confesso* should not be rendered for the reason that an answer was not filed by the defendant within fifteen days after overruling of a demurrer to the bill of complaint." *Crouch* v. *Crouch,* 124 W. Va. 331, 20 S. E. 2d 169, apparently holds that the statute applies in a divorce suit, while *Wolford* v. *Wolford, supra,* seems to say that it does not apply in such suits, but does apply in a suit for separate maintenance.

As pointed out in the *Strachan* case, the quoted statute, Code, 56-4-56, creates a harsh rule relating to the filing of answers in chancery causes. Its purpose being to prevent unwarranted delays in chancery causes, courts should not hesitate to apply the rule in cases clearly falling within the intendment of the statute; but, being a harsh and rigid rule, it should not be extended by implication. In the instant case, we think the facts prevent the application of the rule. After the filing of the amended and supplemental bill of complaint, no plea or demurrer was filed in the chancery cause. Apparently, some of the defendants had not, at any time, entered an appearance to the original bill of complaint, and certainly no defendant, at the time the court acted upon the demurrers, had tendered or filed any plea to the amended and supplemental bill of complaint. To say the least, the original bill had become merged with the amended and supplemental bill. The original bill, as such, had ceased to exist. In seeking to have a decree entered on the merits of the cause as disclosed by the original bill, petitioners were attempting to have the court ignore the amended and supplemental bill of complaint. Such action, we think, would not have been warranted. See *Gasber v. Coast Const. Corp.*, 134 W. Va. 576, 60 S. E. 2d 193. Relief prayed for in the amended and supplemental bill of complaint differed, in some respects, from the relief prayed for in the original bill. Certain questions, not raised by the allegations of the original bill, were sought to be litigated upon allegations contained in the amended and supplemental bill. Yet the plaintiffs in the original bill now ask only for the relief sought in the original bill. Moreover, the nature of the relief sought, in part, at least, was such that if granted would affect rights of all defendants, those who had made no appearance, as well as those who had filed demurrers or pleas. To grant such relief in these circumstances would amount to a denial of the right of some defendants to file an answer "at any time before final decree", as permitted by Code, 56-4-57. In these circumstances, there can be little doubt that the filing of the amended and supplemental bill of complaint

precluded the application of the fifteen-day rule, and made it unnecessary for defendants to answer the original bill within fifteen days after action of the court on the demurrer and plea. The effect thereof would be to permit the filing of an answer on behalf of defendants at any time before final decree, unless later precluded, by provisions of the statute, through action of the court on a demurrer or plea filed to the amended and supplemental bill.

Another rule, peculiarly applicable to proceedings in mandamus, necessitating denial of the writ in the instant proceeding, requires that a relator, to be entitled to the writ, must show a clear legal right to the relief sought. No clear legal right can be said to exist in the circumstances of this case. In *Rusinko* v. *Shipman*, 111 W. Va. 402, 162 S. E. 316, this Court held: "In mandamus, the relator must show a clear legal right to the performance of the act demanded." See *Goloversic* v. *Arnold*, 128 W. Va. 272, 36 S. E. 2d 209; *Publishing Co.* v. *County Court*, 124 W. Va. 513, 20 S. E. 2d 675; *Childers* v. *State Road Commissioner*, 124 W. Va. 233, 19 S. E. 2d 611; *Wells* v. *State Road Commissioner*, 114 W. Va. 709, 173 S. E. 576; *Smith* v. *County Court*, 78 W. Va. 168, 88 S. E. 662, 20 A. L. R. 1030.

We have considered the contention of petitioners that the so-called amended and supplemental bill of complaint is, in fact, a cross-bill, and should be considered only as such. See *Pethtel* v. *McCullough*, 49 W. Va. 520, 39 S. E. 199. We have concluded, however, that in the circumstances of this case the pleading must be considered as an amended and supplemental bill of complaint, which, in fact, we think it is. To hold otherwise would permit the plaintiffs in the chancery cause to profit from a situation for which they alone are responsible. McKinley Trent can not be heard to say in his individual capacity that the pleading is an amended and supplemental bill of complaint and as Trustee that it is a cross-bill.

*Writ denied.*