LULA ISNER, *et al.*

*v.*

DORA A. HARRIS, *et al.*

(No. 10741)

Submitted September 18, 1956. Decided December 4, 1956.

*Joseph J. Madden,* for appellees.

*William T. George, Jr., Cyrus S. Kump,* for appellants.

BROWNING, PRESIDENT:

The plaintiffs, children and heirs at law of M. M. Bell, who died intestate on November 4, 1948, brought this suit against defendants, Dora A. Harris, another child

and heir at law of M. M. Bell, and her husband, praying that: Two certain deeds, one dated October 18, 1938, from M. M. Bell to Joseph M. Harris and Dora A. Harris conveying five separate tracts of land totaling 567 acres, and the other deed dated January 15, 1947, from Joseph M. Harris to Dora A. Harris, conveying his undivided one-half interest in such land, be canceled and set aside as null and void; and that a certain stock certificate for five shares of Cumulative Second Preferred Stock of the Globe and Rutgers Fire Insurance Company, together with all dividend checks issued thereon, now in the possession of defendants, be delivered to the court or clerk thereof.

The bill alleges that M. M. Bell in 1935, at the age of 71 years, upon his plea of guilty, was sentenced to serve two years in the Federal Penitentiary at Lewisburg, Pennsylvania, for a violation of the Internal Revenue law; that he was confined in the aforesaid penitentiary, with the exception of three and one-half months in 1936, until March, 1937, when he was transferred to the Medical Center at Springfield, Missouri, for treatment of a mental disease. In November, 1937, by reason of his mental condition, he was discharged from further serving of his sentence, returned to his home, and in December of that year applied for public assistance. An award was made upon his application, the first payment thereunder was made March 1, 1938, and he continued to receive such payments until the date of his death.

The bill then alleges that the defendant Dora A. Harris left home at the age of fourteen years, returned for one short visit in 1919, and thereafter, neither visited, communicated with, nor talked to her father, M. M. Bell, until 1938 when she and her husband returned and fraudulently coerced, induced and persuaded her father to execute the deed in question. It is also averred that because of his mental condition, age and other circumstances, M. M. Bell did not know the nature and character of his act, and was mentally incompetent to execute or acknowledge the deed.

The bill further alleges that the real estate was worth at least $20,000.00, and that no consideration was given therefor except the assumption by defendants of debts amounting to less than $500.00, evidenced by two deeds of trust, which amount was later repaid to defendants by M. M. Bell.

The bill also alleges that the stock certificates, pledged as collateral security for the debts, evidenced by the deeds of trust, were delivered to defendants upon payment of the debt; that certain dividend checks have been issued thereon; that M. M. Bell was of unsound mind at the time of the execution of the deed; and that M. M. Bell was unable to read or write, with the exception of being able to sign his name, using initials only.

The defendants demurred to the bill on four principal grounds: (1) Plaintiffs' suit is barred by laches; (2) defendants have now acquired the land by adverse possession; (3) the bill is multifarious in seeking to both set aside a deed and to compel deliverance of the stock certificates to the court or clerk thereof, the remedy for which is at law; and (4) nonjoinder of necessary parties. An "amended and supplemental" demurrer was filed assigning as an additional ground that the bill fails to allege any interest of the plaintiffs in the property, either as creditors or otherwise, at the time of the execution of the deed.

The court, on December 15, 1953, overruled the demurrers except as to the ground asserting the nonjoinder of parties, directed that the Department of Public Assistance, and personal representative of M. M. Bell, be made parties to the suit and, upon motion of the plaintiffs, remanded the cause to Rules. Plaintiffs then filed an amended and supplemental bill of complaint in which Lula Isner, Administratrix of the estate of M. M. Bell. joined as a party plaintiff, Robert F. Roth, Director of the Department of Public Assistance, was joined as a party defendant, and which further alleged facts showing the low esteem in which the defendant, Dora A. Harris,

held her father. The amended bill concluded with the prayer that: (1) Dora A. Harris, Joseph M. Harris and Robert F. Roth, Director of the Department of Public Assistance, be made parties defendant, and that process issue against them; (2) the claim of the Department of Public Assistance be adjudicated upon hearing; (3) defendants Dora and Joseph Harris be required to deliver the stock certificates and dividend checks to the Administratrix of M. M. Bell; and (4) other relief to which they may be entitled under the original and amended bills.

The Department of Public Assistance answered and asked for affirmative relief for the amount paid to M. M. Bell during his lifetime.

On June 24, 1954, the court entered a decree which, after reciting the motion of the plaintiffs to enter a decree upon the original bill, the overruling of the demurrers thereto except as to the ground of nonjoinder of parties, which was sustained, on December 15, 1953, and the failure of the defendants to answer, or request an extension of time in which to answer, within fifteen days following the entry of that decree, granted the relief prayed for in the bill of complaint, and referred the case to a Commissioner in Chancery to determine the amount and priority of the claim of the Department of Public Assistance.

The decree also recites that it had been tendered to the court sixteen days before June 24, 1954, was inspected by counsel for defendants, who requested four days delay in which to determine whether defendants wished to file an answer, or demand the right to file an answer, and that fifteen days had expired since such request with no answer being filed or demand made to file an answer. This Court granted an appeal and supersedeas to such decree on March 24, 1955.

The errors assigned in this Court are: (1) In "overruling" the demurrer of the defendants; and (2) in basing the decree of cancellation upon the original bill

after a demurrer had been sustained in part and an amended and supplemental bill filed.

It is of no consequence whether the plaintiffs "amended and supplemental" bill was actually an amendment to the original bill, or was a supplemental bill as those terms were applied to the ancient and strict rule of equity pleading. This Court said in *Shinn* v. *Board of Education*, 39 W. Va. 497, 20 S. E. 604, that: "In our practice we are not careful to observe some of the distinctions between bills in naming them—as, for example, between a bill of amendment and supplemental bill—but we take them to be what they are in fact, without regard to the name given them. * * *"

The controlling question presented causes this Court to again examine and construe the provisions of Code, 56-4-56, which reads: "A plaintiff in equity may have any plea or demurrer set down to be argued. If the same be overruled, no other plea or demurrer shall afterwards be received, but the defendant shall file his answer, in court, if in session, or, if not in session, in the clerk's office of the court in which the suit is pending, within fifteen days after the overruling of his plea or demurrer, unless, for good cause shown, the time is enlarged by the court, or the judge thereof in vacation; and if he fail to appear and answer the bill within such fifteen days, or additional time, if any such be granted, the plaintiff shall be entitled to a decree against him for the relief prayed for therein, or the plaintiff may proceed against such defendant in the manner prescribed by section sixty-six of this article. Any answer filed in the clerk's office in vacation pursuant to the provisions of this section shall have the same status and effect as if filed in term." Although the revisers' note to this section states that it "omits provision for the rule to answer and prescribes in lieu thereof a definite time within which the defendant must answer after plea or demurrer overruled.", a discussion of the section by Mr. Leo Carlin in the West Virginia Law Quarterly, Volume 40, Page 360, shortly after the revision, in which he said that the final effect of the pro-

vision must await "the test of judicial construction," has proved prophetic in view of the many exceptions to the rule which have been established by decisions of this Court. *State ex rel. Trent* v. *Amick*, 137 W. Va. 842, 74 S. E. 2d. 587; *Powell* v. *Sayres*, 134 W. Va. 653, 60 S. E. 2d. 740; *Wolford* v. *Wolford*, 133 W. Va. 403, 56 S. E. 2d. 614; *Strachan* v. *Mutual Fire Ins. Co.*, 130 W. Va. 692, 44 S. E. 2d. 845; *Smith* v. *City of Parkersburg*, 125 W. Va. 415, 24 S. E. 2d. 588; *Barnes* v. *Warth*, 124 W. Va. 773, 22 S. E. 2d. 547.

It is not necessary to here review all of those cases, and none will be specifically referred to except *State ex rel. Trent* v. *Amick, supra,* although it is interesting to compare *Wolford* v. *Wolford, supra,* with *Crouch* v. *Crouch,* 124 W. Va. 331, 20 S. E. 2d. 169. In the opinion in the *Amick* case, the following is quoted from the *Strachan* case: "Upon demurrer to a bill of complaint being overruled, and after the lapse of the time provided by Code, 56-4-56, for the filing of an answer or of a proper extension of that time as therein provided, without the incoming of an answer, the right of the plaintiff to a default decree as upon a bill taken for confessed becomes absolute. * * *" Nevertheless, the first syllabus point in the *Amick* case states: "The fifteen day period prescribed by Code, 56-4-56, for filing an answer in an equity proceeding, does not preclude the filing of an answer where plaintiffs have filed an amended bill of complaint prior to action of the court on a demurrer or plea to the original bill."

In the present cause, the court acted upon the demurrers of the defendants overruling the amended and supplemental demurrer and the original demurrer upon all grounds except the nonjoinder of proper parties. This ruling was on December 15, 1953, and the decree of that date shows the plaintiffs moved that the cause be remanded to Rules "for the purpose of permitting the plaintiffs to file such amended pleadings herein as they may be advised are necessary, and for the purpose of obtaining service of process upon the said Robert F.

Roth, Director of the Department of Public Assistance of the State of West Virginia, and upon the defendants, Dora A. Harris and Joseph M. Harris, upon said pleadings, which motion the Court sustains; * * *."

The record shows that summonses were issued for Dora A. Harris, Joseph M. Harris and Robert F. Roth by the Clerk of the Circuit Court of Randolph County on the 6th day of January, 1954, and service of such process was accepted for the Harrises on the 15th day of January, 1954, by their counsel. On the same day service of the summons directed to Roth was accepted by the Prosecuting Attorney of Randolph County. A decree was entered on February 16, 1954, filing the answer of Robert F. Roth. By decree entered January 21, 1955, the plaintiffs were permitted to file an original copy of their amended and supplemental bill of complaint, the original, which, according to the decree, was filed January 6, 1954, having been lost and the original copy was ordered filed as of January 6, 1954, although the following notation appears upon such original copy: "Filed Feb Rules 1954 Ralph See Clerk Circuit Court Randolph County, W. Va.". The summonses for Dora A. Harris, Joseph M. Harris and Robert F. Roth, issued by the clerk on January 6, 1954, to answer the amended and supplemental bill, were returnable at Rules to be held on the first Monday in February, 1954. We can only determine what transpired, after the filing of the answer of the defendant Roth on February 16, 1954, by examining the final decree of June 24, 1954, the substance of which has heretofore been stated. This is the pertinent paragraph of that decree: "And the Court now proceeding to consider the right of the plaintiffs to a decree herein granted to them the relief sought by their said original Bill of Complaint, does find and ascertain from the record of this cause that said original and amended demurrers were overruled except as hereinabove set forth by a decree entered herein on December 15, 1953, and that no Answer has been filed to said original Bill of Complaint by the defendants, Dora A. Harris and Joseph M. Harris, since the entry of

said decree, and that the period of fifteen days as provided by Chapter 56, Article 4, Section 56 of the Code of West Virginia for the filing of an Answer has long since expired and that within said fifteen days no extension of time was granted to the said defendants in which to file their Answer herein, and that by reason of their failure to file an Answer, the plaintiffs are entitled to a decree granting to them the relief sought and prayed for in their said original Bill of Complaint." Thus the default decree granting the prayer of the plaintiffs is based upon the failure of the defendants to answer within fifteen days after the court's decree of December 15, 1953, although the demurrer was sustained as to the nonjoinder of parties, the cause was remanded to Rules, process was issued more than fifteen days after December 15, 1953, and the amended and supplemental bill and the answer of the defendant Roth were filed more than fifteen days thereafter. The general provision of Code, 56-4-57, to the effect that a defendant may file his answer at any time before final decree, unless required to file it sooner under the provisions of Code, 56-4-56, or by a proper ruling of the court, has not been changed by Code, 56-4-56.

Although not referred to in brief or argument in this cause, we are not unmindful of Rule XVII, Rules of Practice For Trial Courts, promulgated by this Court on July 31, 1945, and reported in Volume 127 of the West Virginia Reports, Page X, which is as follows: "If a demurrer be sustained to a declaration or bill, the plaintiff, upon giving notice to the defendant or defendants who have appeared or to their counsel, may file an amended declaration or bill at any time within the term at which the demurrer was sustained, and within such additional time as the Court may grant not to exceed thirty days after the adjournment of such term, in Court, or in the clerk's office with the same effect as if filed in Court; and thereupon the cause shall proceed as if such amended pleading had been filed at the time when the original declaration or bill was filed; but the court shall allow

the defendant a reasonable time to plead to or answer such amended declaration or bill. The plaintiff may, if he so elect, have the cause remanded to rules for amendment." No provision of this Rule is applicable to this cause except the last sentence thereof, since the plaintiffs elected to have the cause remanded to Rules for amendment.

The defendants in the original bill, Dora A. Harris and Joseph M. Harris, were not required to answer within fifteen days after the decree of December 15, 1953. Code, 56-4-56, requires a defendant to answer within that time if the plea or demurrer "be overruled." Furthermore, the chronological events which occurred after December 15, 1953, when the court sustained in part the demurrer of the defendants to the original bill, upon the ground of nonjoinder of parties and remanded the cause to Rules upon motion of the plaintiffs, conclusively show that during the fifteen days immediately following December 15, there was no bill to which the defendants could plead or answer. The amended and supplemental bill was filed more than fifteen days thereafter. To say the least, the original bill had become merged with the amended and supplemental bill. The original bill, as such, had ceased to exist. The relief prayed for in the amended and supplemental bill differed in some respects from the relief prayed for in the original bill. Therefore, it was reversible error for the court to grant to the plaintiffs by default "the relief sought by their said original bill of complaint" against the defendants, Dora A. Harris and Joseph M. Harris, for the reason that these defendants had not, within fifteen days subsequent to December 15, 1953, answered the original bill.

The final decree of the Circuit Court of Randolph County is reversed and the cause is remanded for such further proceedings as the parties may be advised.

*Reversed and remanded.*